UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| Plaintiff, | ] |
| vs. | ] CR. NO. 2:05-cr-193-LSC |
| STEPHEN SHAWN CRENSHAW, | ] |
| Defendant. | ] |

ORDER

Defendant filed his Motion to Suppress Evidence (Doc. 15) on January 1, 2006.  Defendant seeks to suppress all evidence, consisting chiefly of illegal drugs, drug paraphernalia, and firearms, obtained as a result of an investigatory traffic stop conducted by Lowndes County Deputy Sheriff Jimmy Harris Jr. and Haynesville Police Officer Ashford Parker.  The defendant is only challenging the authority of the officers in stopping the vehicle he was driving.  The defendant is not challenging what occurred after the stop, only "whether or not the vehicle could be stopped."  The motion will be denied.

In *Terry v. Ohio*, 392 U.S. 1 (1968) and its progeny, the United States Supreme Court has held that, "consistent with the Fourth Amendment, police may stop persons in the absence of probable cause under limited circumstances." *United States v. Hensley*, 469 U.S. 221, 226 (1985). Specifically, the Supreme Court has held "that law enforcement agents may briefly stop a moving automobile to investigate a reasonable suspicion that its occupants are involved in criminal activity." *Id*. While stopping a vehicle and detaining its occupants results in a seizure under the Fourth Amendment, "the governmental interest in investigating an officer's reasonable suspicion, based on specific and articulable facts, may outweigh the Fourth Amendment interest of the driver and passengers in remaining secure from the intrusion." *Id*.

In fact, "[t]he law enforcement interests at stake in these circumstances far outweigh the individual's interest to be free from a stop and detention that is no more extensive than permissible in the investigation of imminent or ongoing crimes." *Id*. Therefore, it suffices to say, that if a law enforcement officer has a reasonable suspicion, based on specific and articulable facts, "that a person they encounter was involved in or is wanted

in connection with a completed felony, then a *Terry* stop may be made to investigate that suspicion." *Id.* at 229; *See United States v. Powell*, 222 F.3d 913, 917 (2000) (stating "[u]nder *Terry*, law enforcement officers may detain a person briefly for an investigatory stop if they have reasonable, articulable suspicion based on objective facts that the person has engaged in, or is about to engage in, criminal activity.")

Courts reviewing reasonable suspicion determinations should look to the totality of the circumstances when determining whether the detaining officer had a "particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citations omitted). "This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them . . . ." *Id.* Accordingly, "the likelihood of criminal activity need not rise to the level required for probable cause . . . ." *Id.* at 274. Furthermore, "[a] determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." *Id.* at 277.

In light of the information available to Deputy Harris regarding the

vehicle in question, Deputy Harris had reasonable suspicion to support an investigatory stop of the vehicle.

On October, 14, 2004, Deputy Harris received a report from a concerned citizen indicating that an older model white Chevrolet Suburban was loitering in the caller's neighborhood. The caller indicated concern about the suspicious vehicle and requested that the Lowndes County Sheriff's Office investigate. The caller told Deputy Harris that the vehicle had been seen three or four times that week in the neighborhood "just sitting there."

On October 20, 2004, Deputy Harris responded to a report of a burglary. The victim reported to Deputy Harris that when she was returning to her residence, she saw someone running towards an older model white Chevrolet Suburban, enter the vehicle and leave the area.

On October 27, 2004, at approximately 11:45 p.m., Deputy Harris observed an older model white Chevrolet Suburban stopped at a gas station. He attempted to ascertain the tag number of the vehicle as it left the premises but was unsuccessful. Deputy Harris requested the assistance of Haynesville Police Officer Ashford Parker in stopping the vehicle to "identify

the subject that was driving it."

It is based on the aforementioned specific and articulable facts, that Deputy Harris developed the reasonable suspicion required to warrant an investigatory stop of the older model white Chevrolet Suburban driven by Mr. Crenshaw.

It is apparent that Deputy Harris had more than an "inchoate and unparticularized suspicion or hunch" that the vehicle he directed to be stopped was possibly involved in criminal activity. *Powell*, 222 F.3d at 917 (quoting *Terry*, 392 U.S. at 27). The facts as stated in the record, at a minimum, provide the objective justification, taken from the totality of the circumstances, to warrant the investigatory stop of the vehicle driven by Mr. Crenshaw.

Defendant sought and received additional time to support his motion with evidence of the number of late model Chevrolet Suburbans that were then registered in Lowndes County, Alabama, and in the State of Alabama. While the Defendant was unable to produce that information prior to this ruling, the Court assumes there were then several, if not many, such vehicles registered in Lowndes County, Alabama, and many such vehicles in

the State of Alabama. Such information does not alter this Court's opinion or ruling.

Therefore, the defendant's motion is due to be, and hereby is denied.

Done this 3rd day of February 2006.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE